UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTURUS THERAPEUTICS, INC.,<br>Plaintiff,<br>v.<br>ABBVIE INC., CAPSTAN THERAPEUTICS, INC., PRIYA KARMALI, STEVEN P. TANIS, S.P. TANIS PHARMACHEM CONSULTING LLC, DOES 1–100,<br>Defendants. | Case No.: 3:25-cv-02494-RSH-AHG<br>**CASE MANAGEMENT ORDER NO. 2 (GRANTING JOINT MOTION TO FILE DOCUMENTS UNDER SEAL)**<br>**[ECF No. 54]** |
| CAPSTAN THERAPEUTICS, INC.,<br>Counterclaim-Plaintiff,<br>v.<br>ARCTURUS THERAPEUTICS, INC., DAIKI MATSUDA, RAJESH MUKTHAVARAM,<br>Counterclaim-Defendants. | |

Before the Court is the parties' Joint Motion to File Documents Under Seal Regarding Motions to Compel Further Trade Secret Disclosures. ECF No. 54. The parties seek to seal limited portions of their respective motions to compel further trade secret disclosures, certain supporting declarations and exhibits, and documents containing the parties' trade secret identification statements. *Id.* at 2. For the reasons discussed below, the Joint Motion is **GRANTED**.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, there is a "strong presumption in favor of access" to court records. *Kamakana*, 447 F.3d at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1178.

However, a different standard applies to "private materials unearthed during discovery," which are not part of the judicial record. *Id.* at 1180. For discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Applying Rule 26(c) of the Federal Rules of Civil Procedure, courts have been clear that a particularized showing of "good cause" will suffice to seal documents produced in discovery. *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Rule 26(c), in turn, provides that a trial court may, for good cause, grant a protective order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G).

"When a court grants a protective order for information produced during discovery, it [] has determined that 'good cause' exists to protect this information from being disclosed

to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213.

## II. DISCUSSION

As explained in the Court's prior Case Management Order, Plaintiff and Counter-Defendant Arcturus Therapeutics, Inc. ("Arcturus") and Defendant and Counterclaim-Plaintiff Capstan Therapeutics, Inc. ("Capstan") assert competing claims involving alleged trade secrets and other confidential biotechnology information. ECF No. 47 at 2. Defendants AbbVie Inc., Capstan, Priya Karmali, Steven P. Tanis, and S.P. Tanis PharmaChem Consulting LLC, d/b/a SPTanis PharmaChem Consulting LLC, are referred to collectively as the "Capstan Parties." *Id.*

The documents at issue in the Joint Motion relate to the parties' competing discovery motions concerning the adequacy of their respective trade secret disclosures. ECF Nos. 52, 53. Specifically, the parties seek to seal:

1. Limited portions of Arcturus, Daiki Matsuda, and Rajesh Mukthavaram's Motion to Compel Further Trade Secret Disclosure from Capstan Therapeutics, Inc.;
2. Exhibit C to the Declaration of Stephanie C. Cheng in support of that motion;
3. Limited portions of the Declaration of Dr. Glenn D. Prestwich;
4. Limited portions of the Declaration of Daiki Matsuda;
5. Limited portions of the Capstan Parties' Motion to Compel Arcturus to Provide a Trade Secret Identification That Identifies Its Alleged Trade Secrets with Reasonable Particularity;
6. Exhibit 1 to the Declaration of Lisa B. Pensabene in support of that motion;
7. Limited portions of Exhibit 2 to the Pensabene Declaration;
8. Limited portions of the Declaration of Dr. Jeffrey Winkler; and
9. Exhibit B to the Winkler Declaration.

ECF No. 54 at 2.

The parties argue there is good cause to seal these materials because they contain or discuss confidential technical information and alleged trade secrets. ECF No. 54 at 3–4.

With respect to Capstan's information, Arcturus's counsel Stephanie C. Cheng explains that the redacted portions of Arcturus's motion, the Prestwich and Matsuda declarations, and Exhibit C to her declaration contain technical information that Capstan maintains is confidential and unavailable to the public. ECF No. 54-1 ¶ 3. Exhibit C is Capstan's Amended Trade Secret Identification Statement. ECF No. 52-1 ¶ 4.

Capstan's counsel Lisa B. Pensabene further explains that Capstan operates in a "fiercely competitive precision RNA delivery market" and that public disclosure of its alleged trade secrets and confidential business information would likely result in significant competitive injury. ECF No. 54-2 ¶ 3. Ms. Pensabene states that the information being sealed relates to Capstan's Amended Trade Secret Identification and includes "the actual trade secrets that Capstan alleges were misappropriated in this case." *Id.* She also explains that public disclosure could give Capstan's competitors access to confidential and non-public information that otherwise would not be available to them. *Id.* Ms. Pensabene specifically identifies Arcturus's Motion to Compel, Exhibit C to the Cheng Declaration, and the Prestwich Declaration as containing Capstan's confidential technical information. *Id.* ¶ 4.

With respect to Arcturus's information, Ms. Cheng explains that the redacted portions of the Capstan Parties' motion, Exhibit 1 and portions of Exhibit 2 to the Pensabene Declaration, portions of the Winkler Declaration, and Exhibit B to the Winkler Declaration contain Arcturus's confidential technical information that is not publicly available. ECF No. 54-1 ¶ 4. Exhibit 1 to the Pensabene Declaration is Arcturus's Trade Secret Identification Statement. ECF No. 53-1 ¶ 2. The sealed portions of the Capstan Parties' motion and Dr. Winkler's declaration likewise reproduce and analyze the substance and asserted boundaries of Arcturus's alleged trade secrets. *See, e.g.,* ECF No. 53-4 ¶¶ 11–68.

Upon review, the Court agrees that the materials at issue contain confidential technical information and alleged trade secret information that the parties have sought to keep confidential. The declarations submitted in support of the Joint Motion further

establish that public disclosure of this information could cause competitive harm to the parties. *See also Nixon*, 435 U.S. at 598 (recognizing that courts may deny access where judicial records could become "sources of business information that might harm a litigant's competitive standing").

The Court also finds the parties' sealing request narrowly tailored. The parties do not seek to seal the motions and declarations in full. Instead, they seek to seal only the portions that contain or discuss confidential information, along with exhibits containing the underlying trade secret identification materials. Ms. Pensabene likewise confirms that Capstan seeks to seal only those portions of the motion and Prestwich Declaration that disclose information concerning Capstan's alleged trade secrets. ECF No. 54-2 ¶ 5.

Accordingly, the Court finds that the parties have shown good cause to maintain the requested materials under seal.

## III. CONCLUSION

The parties' Joint Motion to File Documents Under Seal (ECF No. 54) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the documents lodged at ECF No. 55 **UNDER SEAL**.

**IT IS SO ORDERED.**

Dated: November 3, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge