UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTURUS THERAPEUTICS, INC., Plaintiff, v. ABBVIE INC., CAPSTAN THERAPEUTICS, INC., PRIYA KARMALI, STEVEN P. TANIS, S.P. TANIS PHARMACHEM CONSULTING LLC, DOES 1–100, Defendants. | Case No.: 3:25-cv-02494-RSH-AHG |
| CAPSTAN THERAPEUTICS, INC., Counterclaim-Plaintiff, v. ARCTURUS THERAPEUTICS, INC., DAIKI MATSUDA, RAJESH MUKTHAVARAM, Counterclaim-Defendants. | **CASE MANAGEMENT ORDER NO. 4 (GRANTING JOINT MOTIONS TO FILE DOCUMENTS UNDER SEAL)** **[ECF Nos. 61, 64, 68]** |

Before the Court are three Joint Motions to File Documents Under Seal related to the parties' competing motions to compel further trade secret disclosures. ECF Nos. 61, 64, 68. The parties seek to seal portions of their opposition and reply briefs, certain supporting declarations and exhibits, and corrected documents containing confidential trade secret information. For the reasons discussed below, the Joint Motions are **GRANTED**.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, there is a "strong presumption in favor of access" to court records. *Kamakana*, 447 F.3d at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1178.

However, a different standard applies to "private materials unearthed during discovery," which are not part of the judicial record. *Id.* at 1180. For discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Applying Rule 26(c) of the Federal Rules of Civil Procedure, courts have been clear that a particularized showing of "good cause" will suffice to seal documents produced in discovery. *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Rule 26(c), in turn, provides that a trial court may, for good cause, grant a protective order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G).

"When a court grants a protective order for information produced during discovery, it [] has determined that 'good cause' exists to protect this information from being disclosed

to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213.

## II. DISCUSSION

As explained in the Court's prior Case Management Orders, Plaintiff and Counterclaim-Defendant Arcturus Therapeutics, Inc. ("Arcturus") and Defendant and Counterclaim-Plaintiff Capstan Therapeutics, Inc. ("Capstan") assert competing claims involving alleged trade secrets and other confidential biotechnology information. ECF Nos. 47, 56. Defendants AbbVie Inc., Capstan, Priya Karmali, Steven P. Tanis, and S.P. Tanis PharmaChem Consulting LLC, d/b/a SPTanis PharmaChem Consulting LLC, are referred to collectively as the "Capstan Parties." ECF No. 47 at 2.

The documents at issue in the three Joint Motions relate to the parties' competing discovery motions concerning the adequacy of their respective trade secret disclosures. ECF Nos. 52, 53. Specifically, the parties seek to seal the following materials:

### A. Oppositions to Motions to Compel (ECF No. 61)

1. Limited portions of Arcturus's Opposition to the Capstan Parties' Motion to Compel;
2. Exhibits 1 and 2 to the Declaration of Stephanie C. Cheng in support of Arcturus's Opposition;
3. Limited portions of the Declaration of Dr. Jessica Vargas;
4. Limited portions of Capstan's Opposition to Arcturus's Motion to Compel;
5. Exhibits 1 through 3 to the Declaration of Lisa B. Pensabene in support of Capstan's Opposition;
6. Limited portions of the Declaration of Dr. Frederick Porter; and
7. Exhibit 2 to the Porter Declaration.

ECF No. 61 at 2.

### B. Joint Notice of Errata (ECF No. 64)

1. Exhibit 1 to the parties' Joint Notice of Errata (ECF No. 63), containing Capstan's corrected Amended Trade Secret Identification; and

2. The corrected, unredacted Declaration of Dr. Jessica Vargas, which replaces the version previously lodged at ECF No. 62.

ECF No. 64 at 2.

**C. Replies in Support of Motions to Compel (ECF No. 68)**

1. Limited portions of Arcturus's Reply in Support of its Motion to Compel;
2. Limited portions of the Capstan Parties' Reply in Support of their Motion to Compel; and
3. Limited portions of the Declaration of Dr. Jeffrey Winkler in support of the Capstan Parties' Reply.

ECF No. 68 at 2.

The parties argue that good cause exists to seal these materials because they contain or discuss confidential technical information and alleged trade secrets that, if publicly disclosed, could cause competitive harm. ECF Nos. 61 at 3–4, 64 at 3–4, 68 at 3–4.

With respect to Arcturus's information, its counsel Stephanie C. Cheng explains that portions of Arcturus's Opposition and the Vargas Declaration, along with certain supporting exhibits, contain Arcturus's confidential technical information that is not publicly available. ECF No. 61-1 ¶ 3. Ms. Cheng further identifies exhibits submitted with Capstan's Opposition as containing Arcturus's confidential technical information. *Id.* Arcturus's counsel Katherine Ericson explains that the redacted portions of the corrected Vargas Declaration discuss Arcturus's identified trade secrets, including their technical substance. ECF No. 64-1 ¶ 4. Ms. Ericson likewise identifies portions of the Capstan Parties' Reply and the supporting Winkler Declaration as containing Arcturus's confidential technical information. ECF No. 68-1 ¶ 4.

With respect to Capstan's information, its counsel Lisa B. Pensabene explains that Capstan operates in a "fiercely competitive precision RNA delivery market" and that public disclosure of its alleged trade secrets and confidential business information would likely result in significant competitive injury. ECF No. 61-2 ¶ 3. Ms. Pensabene explains that the materials include Capstan's alleged trade secrets and that public disclosure could give

competitors access to confidential technical information they would otherwise not have. *Id.* She identifies portions of Capstan's Opposition, the supporting Porter Declaration, and certain exhibits as containing such information. *Id.* ¶¶ 4–5. Ms. Pensabene also identifies Capstan's corrected Amended Trade Secret Identification and portions of Arcturus's Reply as containing confidential technical information. ECF Nos. 64-2 ¶¶ 3–5, 68-2 ¶¶ 3–5.

The Joint Motion at ECF No. 64 also concerns a corrected version of the Vargas Declaration. Ms. Ericson explains that the version lodged at ECF No. 62 inadvertently omitted Exhibits 1 and 2 and included an incorrect table of contents of exhibits. ECF No. 64-1 ¶ 3. The corrected version includes those materials, but its redactions are unchanged from the publicly filed version at ECF No. 60-4. *Id.* ¶¶ 3, 5.

Upon review, the Court agrees that the materials at issue contain confidential technical information and alleged trade secret information that the parties have sought to keep confidential. The declarations submitted in support of the Joint Motions further establish that public disclosure of this information could cause competitive harm to the parties. *See also Nixon*, 435 U.S. at 598 (recognizing that courts may deny access where judicial records could become "sources of business information that might harm a litigant's competitive standing").

The Court also finds the parties' sealing requests narrowly tailored. The parties do not seek to seal the opposition and reply briefs or supporting declarations in full. Instead, they seek to seal only the portions that contain or discuss confidential information, along with exhibits containing underlying trade secret materials. Ms. Pensabene confirms that Capstan seeks to seal only the portions of the relevant briefs and declarations that disclose information concerning its alleged trade secrets. ECF Nos. 61-2 ¶ 5, 68-2 ¶ 5. With respect to the corrected Vargas Declaration, Ms. Ericson confirms that the redactions remain unchanged and that the additional materials are publicly available. ECF No. 64-1 ¶¶ 3, 5.

Accordingly, the Court finds that the parties have shown good cause to maintain the requested materials under seal.

//

## III. CONCLUSION

The parties' Joint Motions to File Documents Under Seal (ECF Nos. 61, 64, 68) are **GRANTED**. The Clerk of Court is **DIRECTED** to file the documents lodged at ECF Nos. 62, 65, and 69 **UNDER SEAL**. However, the superseded Declaration of Dr. Jessica Vargas lodged at ECF No. 62 shall not be filed. The Clerk shall instead file the corrected version of the Vargas Declaration lodged at ECF No. 65 **UNDER SEAL**.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge